Mr. Fred O. Dickinson Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
You have asked for my opinion on substantially the following question:
Is the Department of Highway Safety and Motor Vehicles required to verify proper remittance of monies and enforce the statutory provisions relating to the clerks of court with regard to compliance with the appropriate assessment and distribution of civil fines under section 318.21, Florida Statutes?
In sum:
The Department of Highway Safety and Motor Vehicles has no statutory authority to verify that the clerks of court are making proper remittances of monies or to enforce the statutory provisions relating to compliance by the clerks of court with the appropriate assessment and distribution of civil fines under section 318.21, Florida Statutes.
According to your letter, a 1996 amendment to section 318.21, Florida Statutes, codified a longstanding practice of the clerks of court to submit monies collected pursuant to Chapter 318, Florida Statutes, to the Department of Highway Safety and Motor Vehicles for distribution.
Prior to 1986, civil penalties were paid by the clerks of court to the counties and municipalities into their respective fine and forfeiture funds. In 1986 the Legislature redirected a portion of these civil penalties to the State of Florida for payment into specified trust funds. At the request of the State Treasurer, the Department of Highway Safety and Motor Vehicles acted as the conduit for receipt and deposit of these monies on behalf of the clerks of court. In 1996, Chapter 96-350, Laws of Florida, codified this arrangement.
In response to citizen inquiries, the Inspector General for the Department of Highway Safety and Motor Vehicles (department) has questioned the department's responsibility to ensure proper remittances by the clerks and to maintain accounts of these funds. This office shares the department's concern that funds that are statutorily required to be collected for programs to aid children and others in need of special services are fully remitted in a timely fashion.
Chapter 318, Florida Statutes, is the "Florida Uniform Disposition of Traffic Infractions Act."[1] One of the purposes expressed for adoption of this chapter is "facilitating the implementation of a more uniform and expeditious system for the disposition of traffic infractions."[2]
I would note that the Legislature has appropriated funds for the design and operation of an automated statewide Uniform Traffic Citation Accounting System to be operated by the clerks of court. Section 318.18(8)(a), Florida Statutes, provides:
"Any person who fails to comply with the court's requirements or who fails to pay the civil penalties specified in this section within the 30-day period provided for in s. 318.14 must pay an additional civil penalty of $12, $2.50 of which must be deposited into the General Revenue Fund, and $9.50 of which must be deposited in the Highway Safety Operating Trust Fund. There is hereby appropriated from the Highway Safety Operating Trust Fund for fiscal year 1996-1997 the amount of $4 million. From this appropriation the department shall contract with the Florida Association of Court Clerks, Inc., to design, establish, operate, upgrade, and maintain an automated statewide Uniform Traffic Citation Accounting System to be operated by the clerks of the court which shall include, but not be limited to, the accounting for traffic infractions by type, a record of the disposition of the citations, and an accounting system for the fines assessed and the subsequent fine amounts paid to the clerks of the court. On or before December 1, 2001, the clerks of the court must provide the information required by this chapter to be transmitted to the department by electronic transmission pursuant to the contract."
Thus, an automated system to collect this information is currently under development.
Section 318.18, Florida Statutes, establishes penalties for noncriminal disposition of traffic infractions. The statute imposes standard civil penalty amounts and court costs for such offenses as infractions of pedestrian regulations,[3] nonmoving traffic violations,[4] and moving traffic infractions.[5] For example, a penalty of $100 is imposed for failure to stop for a school bus under section 318.18(5)(a), Florida Statutes, and court costs of $10 are also imposed under section 318.18(11)(a), Florida Statutes, as this offense is a moving traffic infraction. The Florida Rules of Traffic Court require that each county court establish a traffic violations bureau to deal with the administrative aspects of these penalties. Rule 6.100, Florida Rules of Traffic Court, provides:
"(a) A traffic violations bureau shall be established in each county court by administrative order of the chief judge of the circuit in which the county court is located. The function of the bureau shall be to accept appearances, waivers of noncriminal hearings, admissions, payment of civil penalties for traffic infractions not requiring a mandatory hearing, and nolo contendere pleas pursuant to the authority of section 318.14(9) and (10), Florida Statutes. Where any person's sentence for a criminal traffic offense or penalty for a traffic infraction requiring a mandatory hearing or a traffic infraction where the person elects to appear before an official includes the payment of a fine or civil penalty, payment may be made before the bureau. The bureau may also accept appearances, waivers of hearings, admissions and payment of civil penalties as provided in section 318.18, Florida Statutes, in traffic infraction cases where the driver originally elected, but was not required, to appear before an official prior to the date of the hearing. The bureau shall act under the direction and control of the judges of the court.
(b) The court shall post in the place where civil penalties are to be paid in the violations bureau the schedule of the amount of the civil penalty as provided in section 318.18, Florida Statutes. Allfines, civil penalties, and costs shall be paid to, receipted byand accounted for by the violations bureau or proper authority inaccordance with these rules." (e.s.)
In addition, Rule 6.400, Florida Rules of Traffic Court, provides that "[w]hen reports or forms are to be sent to the [D]epartment [of Highway Safety and Motor Vehicles], the clerk or traffic violations bureau shall prepare and send the reports or forms."
Section 318.21, Florida Statutes, provides for the distribution and payment of civil penalties received by a county court pursuant to Chapter 318, Florida Statutes. The statute requires that "[a]ll civil penalties received by a county court pursuant to the provisions of this chapter shall be distributed and paid monthly" as directed therein.[6]
The statute provides for such distributions as: "One dollar from every civil penalty shall be paid to the Department of Children and Family Services for deposit into the Child Welfare Training Trust Fund for child welfare training purposes pursuant to s.402.40";[7] and, "[e]ight and two-tenths percent shall be deposited in the Brain and Spinal Cord Injury Rehabilitation Trust Fund for the purposes set forth in s. 413.613."[8] Section318.21(8), Florida Statutes, states that:
"All moneys collected by the clerk of the court for deposit into a state trust fund must be sent monthly to the Department of Highway Safety and Motor Vehicles for distribution. Such a submittal mustbe accompanied by a specific accounting of the amounts due eachfund." (e.s.)
Your question requires a determination of who is charged with making the specific accounting referred to in this statute, that is, whether the clerk of court or the department is required to make such an accounting.
Section 318.21, Florida Statutes, is titled "[d]isposition of civil penalties by county courts." (e.s.) The language of the section relating to distribution and payment of these moneys is addressed to the court. The only submittal contemplated by section318.21(8), Florida Statutes, is that from the clerk of court to the Department of Highway Safety and Motor Vehicles. The department is charged with "distribution," but only after receiving funds from the clerks. The only duty imposed on the Department of Highway Safety and Motor Vehicles by this statute is to distribute the funds received from the clerks of court as the clerks have directed. Thus, it is necessary that the clerks provide the department with instructions regarding disposition of these funds and that the department keep records to indicate that those directions have been followed. Nothing in this section authorizes the department to enforce the clerks' compliance with collection and accounting requirements in section 318.21, Florida Statutes.
Based on the language of the statutes discussed above and the Florida Rules of Traffic Court establishing a system for handling the administrative aspects of civil traffic penalties, it is my opinion that the Department of Highway Safety and Motor Vehicles has no authority to verify that the clerks of court are making proper remittances of monies or to enforce the statutory provisions relating to compliance by the clerks of court with regard to the appropriate assessment and distribution of civil fines under section 318.21, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 318.11, Fla. Stat., providing the short title for the act.
[2] Section 318.12, Fla. Stat.
[3] Sections 318.18(1)(a) and (11)(a), Fla. Stat.
[4] Sections 318.18(2) and (11)(a), Fla. Stat.
[5] Sections 318.18(3) and (11)(a), Fla. Stat.
[6] Cf., Art. V, s. 20(c)(8), Fla. Const., providing:
"All fines and forfeitures arising from offenses tried in the county court shall be collected, and accounted for by clerk of the court, and deposited in a special trust account. All fines and forfeitures received from violations of ordinances or misdemeanors committed within a county or municipal ordinances committed within a municipality within the territorial jurisdiction of the county court shall be paid monthly to the county or municipality respectively. If any costs are assessed and collected in connection with offenses tried in county court, all court costs shall be paid into the general revenue fund of the state of Florida and such other funds as prescribed by general law."
[7] Section 318.21(1), Fla. Stat.
[8] Section 318.21(2)(d), Fla. Stat.